1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                    No. CR 05-0370 WHA

11                Plaintiff,

12        v.                                      **ORDER DENYING DEFENSE**
                                                  **MOTIONS TO SUPPRESS AND**
13   ERIC DIALLO BEVERLY,                         **TO REVEAL INFORMANT**

14                Defendant.

15   ————————————————————/

16          An informant told a San Francisco police officer that defendant Eric Beverly was

17   driving a blue car with license plate 5FRB588 with drugs and a gun, was wearing blue clothes,

18   and was heading south on Highway 280 from Alemany and Ellsworth Streets.  The officer

19   promptly relayed this information to Officer Daniel Gibbs.  Acting on the information, Officer

20   Gibbs called for a records check.  He learned that the car was registered to Bernadette Williams

21   at 6730 Mission Street, Apartment 205, in Daly City.  Officer Gibbs knew that Daly City was in

22   the general direction Beverly had driven.  He responded to that location with yet another

23   officer.  They entered the building and the garage associated with Apartment 205 and saw a

24   blue vehicle with the license plate listed above.  They went to Apartment 205.  A person there

25   said a man was then leaving the garage.  The officers went to the garage gate.  The blue car was

26   attempting to exit the garage.  Defendant Beverly was driving.  Both officers knew Mr. Beverly

27   from prior offenses.  They knew Mr. Beverly was on parole and was, therefore, subject to a

28   search condition.  Mr. Beverly had on blue clothes.  The officers identified themselves and

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   ordered him out of the car, allegedly with guns drawn.  The officers believed he was armed, so

2   they placed him in handcuffs for their safety.  They searched the car and found forty rocks of

3   cocaine (in a bag from between Mr. Beverly's legs), powder cocaine, and marijuana.  No gun

4   was found.  A house key and $550 were found on defendant.

5          Because the car was registered to Apartment 205, the officers tried the key on the door

6   of Apartment 205.  It fit perfectly.  They then performed a parole search of the apartment,

7   finding a gun, more drugs, cash, and contraband.

8          The motions to suppress all of the foregoing and to reveal the informant are **DENIED** for

9   the following reasons:

10         1.       The search of the car was pursuant to a search condition in Mr. Beverly's parole

11  from state prison.  All that was needed was "reasonable suspicion," not probable cause.

12  Reasonable suspicion was supported by the informant's tip, his history of providing reliable

13  information, the registration report, Beverly's criminal past, and the corroboration at the garage.

14  The informant was known to Gibbs and the police to have had a reliable track record

15  (Gibbs Decl. at ¶ 6).  If defense counsel is correct that corroboration was legally needed (a

16  doubtful proposition since the informant had a known record of reliability and the tip was not

17  anonymous), the corroboration was ample.  Mr. Beverly was indeed found in the very car in

18  question, as stated by the informant.  He was wearing blue clothes, as stated by the informant.

19  He and the car were found in the direction that the car was reported to be headed (Daly City), as

20  stated by the informant.  That was more than sufficient verification.

21         2.       The search of Mr. Beverly was also lawful, for the same reasons, under the

22  parole search condition.  Alternatively, once the drugs were found in the car, the officers could

23  properly search Mr. Beverly incident to his arrest.

24         3.       The only fact issue possibly disputed is whether Officer Gibbs learned the

25  identity of the informant before or after the search.  Assuming he did not learn until after, the

26  original reporting officer *did* know at the time the identity of the informant and knew of the

27  reliable track record.  Furthermore, it is undisputed that Officer Gibbs knew of the informant

28  and his reliable track record before the search.  Under the "collective knowledge" rule, we can

"mix and match" the overall body of information known to the police. If some degree of communication among the data fragments is required as a matter of law (a legal proposition that is advanced by the defense but not necessarily accepted by this order), there was ample communication here. After all, the officer who knew the identity of the informant reported all the operative facts to Officer Gibbs. If he somehow left out the identity of the informant, that was the only thing omitted from the communication.*

4.      The officer-safety restraint of Mr. Beverly was lawful. It was reasonably necessary for officer safety, given the information that Mr. Beverly was armed and given his violent criminal history. Contrary to the defense, the search was not incident to an arrest. It was the other way around. The event was a lawful search pursuant to the parole condition. The arrest or restraint was incident thereto for officer safety.

5.      The subsequent search of Apartment 205 was also lawful. It was supported by reasonable suspicion that a gun and contraband would be found inside. The key (found on Mr. Beverly) perfectly fit the lock. The car was registered to Apartment 205. The garage went with Apartment 205. Mr. Beverly had an obvious connection with Apartment 205. Since he did not have the recently-reported gun in the car, there was reason to suspect he had it in the apartment. There was nothing to point the finger of suspicion anywhere but Apartment 205. Since commercial quantities of drugs were found in the car (between his legs), officers reasonably suspected that Mr. Beverly was a dealer. Given that, there was reason to suspect that, as a dealer, Mr. Beverly had more stashes in places to which he had access, such as Apartment 205.

6.      The parole condition covered his person, his residence and any property under his control. These facts gave police reason to suspect that Apartment 205 was either Mr. Beverly's temporary residence or a place under his control. No doubt, Ms. Williams (who

---

* This paragraph is mooted by the supplemental declaration filed September 7, 2005, by Officer Gibbs stating that he *did* in fact learn the identity of the informant from the original officer. This paragraph is left in, however, as an alternate ground.

3

**United States District Court**
For the Northern District of California

1  leased the apartment and had registered the car) retained ultimate legal control.  Mr. Beverly,

2  however, had sufficient practical and shared control.

3        7.      There is no need or basis to hold further *in camera* proceedings to determine the

4  reliability of the informant.  Contrary to the government, Ninth Circuit law *does* allow

5  disclosure of an informant's identity even when the identity is relevant only to a probable cause

6  (or, here, reasonable suspicion) issue.  For twenty years, the law in the Ninth Circuit has

7  permitted such disclosure where the record justifies disclosure.  *United States v. Kiser*, 716 F.2d

8  1268, 1271 (9th Cir. 1983).  But *Kiser* requires a "substantial preliminary showing" that the

9  government misstated facts.  No such showing has been made here.  The defense would simply

10  like to go on a fishing expedition.  The defense has not shown even enough to warrant an

11  *in camera* review.

12        For the foregoing reasons, the defense motions to suppress and to reveal the identity of

13  the informant are **DENIED**.  To the extent this order has missed any issue raised by the defense,

14  the points are likewise denied for the reasons stated by the government.

15

16        **IT IS SO ORDERED.**

17

18  Dated:  September 7, 2005.

                                                                       WILLIAM ALSUP

19                                                                         UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28